# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2021

Lyle W. Cayce
Clerk

No. 19-50694

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Phillips,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-837-1

Before Smith and Ho, *Circuit Judges*, and Barker, *District Judge*.*

Per Curiam:**

Marcus Phillips challenges the sufficiency of the evidence for his convictions and his sentence for possession with intent to distribute cocaine base, unlawful possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime. He also challenges several of the

---

\* District Judge of the Eastern District of Texas, sitting by designation.

\*\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50694

district court's rulings before, during, and after trial, including the denial of his motion to continue to complete additional testing of the drug evidence, the admission and exclusion of various expert witnesses, and the denial of his motion for a new trial based on claims of jury bias, coercion, and misconduct. We find Phillips's arguments on each issue unavailing and affirm Phillips's convictions and sentence, as well as each of the district court's rulings.

Prompted by information supplied by a confidential informant in 2017, San Antonio police began investigating defendant Marcus Phillips and his brother, Quentin, for narcotics offenses, including selling crack cocaine, at a house in the city. Phillips's aunt and her husband were renting the house at the time, though they were in the process of moving out. The couple and their children were already staying at their new place, returning only occasionally to move the last remaining items.

Over a period of two weeks, detectives surveilling the house observed Phillips and his brother in front of the house and, on multiple occasions, saw Phillips interact briefly with individuals in vehicles stopped outside the house or with individuals on the front porch. These brief encounters included "either a short exchange or a hand-to-hand, something to that effect," which observing detectives believed to be narcotics activity.

Police then prepared to execute a search warrant on the house. That morning, detectives observed Phillips pacing or exercising in front of the house and engaging in more exchange-style interactions with passengers in several vehicles by reaching inside the front passenger window. On two occasions, occupants exited the vehicles and appeared to exchange something with Phillips on the front porch, before accompanying Phillips inside the house for approximately five minutes. Police believed that these also were drug transactions, though they acknowledge they could not see the items that were exchanged.

No. 19-50694

SWAT units breached the home's locked exterior burglar door and the locked wooden front door as they entered the house to secure it and detain anyone inside. Phillips, the only person in the house, was found in a prone position in a rear bedroom and was arrested without incident. While no drugs or firearms were discovered in the bedroom where Phillips was found, police did find drugs, firearms, and additional evidence in other parts of the house. In the mailbox, kitchen, and bedroom, police found mail and envelopes addressed to Phillips and letters listing the house as Phillips's return address. In the dining room and bedroom, police found $1,064 in small denominations. They also discovered a scale and plastic sandwich baggies on the dining room table, as well as baking soda, Pyrex measuring glasses, scissors, and a plate with a razor blade and crack cocaine on a countertop in the kitchen. Police found more crack cocaine in a cabinet above the drugs discovered on the countertop (some of which had been packaged for sale), a shoebox containing powder cocaine in the adjacent cabinet, and marijuana in the living room and dining room areas. Finally, they found "an AR styled or an AK-47 styled pistol"—with a fully loaded magazine, a live round in the chamber, and the safety off—behind the sofa in the living room and, in the closet of a different bedroom, an unloaded rifle, "another AR-style pistol," five boxes of ammunition, and two other magazines that did not match the firearms in the house. In sum, agents recovered approximately 105 grams of crack cocaine, approximately 402 grams of powder cocaine, approximately 184 grams of marijuana, several firearms, ammunition, over $1,000 in cash, and other items consistent with drug distribution.

Phillips was charged with possession with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count 1); possession with intent to distribute (powder) cocaine in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C) (Count 2); unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3);

and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4). A jury convicted him of Counts 1, 3, and 4 and acquitted him of Count 2.

The Presentence Report attributed all the drugs found in the house to Phillips for sentencing purposes, including the powder cocaine from Count 2, which was converted into crack cocaine. This resulted in a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). He also received a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance. U.S.S.G. § 2D1.1(b)(12). This, combined with the assessment of six criminal history points resulting in a criminal history of III, led to a Guidelines range of 188 to 235 months of imprisonment. The district court sentenced Phillips to 120 months of imprisonment on Counts 1 and 3, to be served concurrently, and a consecutive sentence of 60 months on Count 4. He was also sentenced to five years of supervised release.

Phillips appeals each count of conviction, on the ground of insufficient evidence, and his sentence on the ground that the district court erred by converting the powder cocaine that he had been acquitted of possessing into crack cocaine for sentencing purposes.

Phillips makes several other challenges. First, he argues that the district court erred by denying his motion to continue to complete additional testing of the drug evidence. Second, he contends that the district court improperly excluded his proposed expert witness, Dr. John Fabian, who was to testify about Phillips's learning disorder and "general cognitive abilities." The exclusion of Dr. Fabian's testimony also formed one basis of Phillips's motion for a new trial, which the district court also denied. Third, Phillips argues that the district court abused its discretion by allowing the Government's expert witness, DEA Special Agent Chad Lloyd, to testify on various methods used by drug traffickers and distributors, including the

possession and use of firearms.  Fourth and finally, he asserts that the district court wrongly denied his motion for a new trial based on jury bias, coercion, and misconduct.  Here, he focuses on a juror who informed the Court Security Officer of a potential concern about the foreperson, as well as the foreperson's post-verdict telephone call to a courtroom deputy in which she claimed to have been intimidated into reaching a guilty verdict by the other jurors.

Challenges to the sufficiency of the evidence are reviewed de novo, but that review is "highly deferential to the verdict."  *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017).  "Evidence is sufficient to support a conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Scott*, 892 F.3d 791, 797 (5th Cir. 2018) (quoting *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017)).  A district court's application of the Sentencing Guidelines is also reviewed de novo, while factual findings are reviewed for clear error.  *United States v. Morrow*, 177 F.3d 272, 300 (5th Cir. 1999).  "Under the Sentencing Guidelines, the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction."  *Id.* at 301 (citing U.S.S.G. § 1B1.3).  "A district court may sentence a defendant on facts not established by either a guilty plea or jury verdict, as long as the conduct for which the defendant was acquitted has been proven by a preponderance of the evidence."  *United States v. Valles*, 484 F.3d 745, 760 (5th Cir. 2007) (citing *United States v. Valdez*, 453 F.3d 252, 264 (5th Cir. 2006)).  Furthermore, at sentencing, a district court is permitted to convert a quantity of powder cocaine to a comparable quantity of crack cocaine if it was foreseeable to the defendant that the powder cocaine would be used to manufacture crack cocaine.  *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).

We review the following for abuse of discretion: a district court's denial of a motion to continue, *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007); a district court's decision to admit or exclude expert testimony, *United States v. Matthews*, 178 F.3d 295, 304 (5th Cir. 1999); and a district court's denial of a motion for a new trial on the basis of jury bias or misconduct, *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir. 2001) (jury bias); *United States v. Webster*, 960 F.2d 1301, 1305 (5th Cir. 1992) (jury misconduct).

After oral argument and a thorough review of the record and briefs, we affirm Phillips's convictions and sentence, as well as each of the challenged district court orders for essentially the same reasons articulated in those orders.